UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CYNTHIA OINGER-VANOVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-02624-LJM-TAB |
| ) | |
| CITY OF SHELBYVILLE, ) | |
| SHELBYVILLE POLICE DEPARTMENT, ) | |
| OTHER UNKNOWN OFFICERS, ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Complaint**

**I. Filing Fee**

The plaintiff's request to proceed *in forma pauperis* (dkt 2) is **granted.** The assessment of even an initial partial filing fee is not feasible at this time.

**II. Complaint**

Plaitniff Cynthia Oinger-Vanover filed this civil action against the City of Shelbyville, the Shelbyville Police Department and unknown officers. The plaintiff alleges that on August 7, 2013, she was raped. She reported the rape to the Indiana State Police and the Shelbyville Police Department. The officers did not investigate her claims. Instead, the plaintiff conducted her own investigation and threatened law enforcement with a lawsuit. In response, the police department retaliated by harassing her, by falsely arresting her, illegally detaining her, and pressing false charges. The plaintiff was convicted of these charges. The plaintiff seeks 100 million dollars, punitive damages and attorneys' fees.

### III.  Dismissal

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the Court's discretion. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original).

As presented, Ms. Oinger-Vanover's complaint contains only bare legal conclusions and lacks sufficient facts to state a plausible claim for relief. For example, factual allegations are necessary to support a claim of false arrest and illegal detention. In addition, the plaintiff is notified that the statute of limitations for a claim brought pursuant to 42 U.S.C. § 1983 is two-years. Thus, any claim which accrued before October 3, 2014, is barred by the statute of limitations.

Therefore, the complaint is **dismissed for failure to state a claim upon which relief can be granted.**

## IV.  Further Proceedings

Ms. Oinger-Vanover shall have **through November 2, 2016,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.")

**IT IS SO ORDERED.**

Date:   10/13/2016

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CYNTHIA OINGER-VANOVER
713 Center St.
Shelbyville, IN 46176